**STATE OF RHODE ISLAND** **SUPERIOR COURT**
**PROVIDENCE, SC.**

**EMILIO TAYLOR,**
**Plaintiff,**

v. C.A. No. PC 04- 6351

**CITY OF PAWTUCKET,**
by and through its Finance Director,
**RONALD WUNSCHEL, TINA L. GONCALVES,**
individually and in her official capacity as a police
officer employed by the City of Pawtucket,
**MANNY F. MACIEL**, individually and in his
official capacity as a police officer employed
by the City of Pawtucket, **MICHAEL CUTE,**
individually and in his official capacity as a police
officer employed by the City of Pawtucket,
**MICHAEL DOLAN**, individually and in his official
capacity as a police officer employed by the City of
Pawtucket, **SARGENT MCLAUGHLIN,**
individually and in his official capacity as a police
officer employed by the City of Pawtucket,
**Defendants**

## COMPLAINT

### I. Introduction

This action is brought by the Plaintiff seeking relief for injuries suffered as a result of acts and/or omissions committed by Defendants in violation of the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, Article I, §6 of the Rhode Island Constitution and common law.

### II. Parties

1. The Plaintiff is a resident of the City of Providence, County of Providence, State of Rhode Island.

2. Defendant City of Pawtucket ("City") is a duly authorized and organized municipality pursuant to the laws of the State of Rhode Island and is sued by and through its

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
S. KINCH JR., CLERK

OCA
5512
(1)

Finance Director, Ronald Wunschel, the official designated by State Law, R.I.G.L. §45-15-5, to be named in a suit for relief against the City.

3. Defendant Tina L. Goncalves ("Goncalves") is sued individually and in her official capacity as a police officer employed by the City of Pawtucket Police Department.

4. Defendant Manny F. Maciel ("Maciel") is sued individually and in his official capacity as a police officer employed by the City of Pawtucket Police Department.

5. Defendant Michael Cute ("Cute") is sued individually and in his official capacity as a police officer employed by the City of Pawtucket Police Department.

7. Defendant Michael Dolan ("Dolan") is sued individually and in his official capacity as a police officer employed by the City of Pawtucket Police Department.

8. Defendant Sargent McLaughlin ("McLaughlin") is sued individually and in his official capacity as a police officer employed by the City of Pawtucket Police Department.

## III. Jurisdiction

9. The monetary amount claimed herein is sufficient to establish the jurisdiction of the Superior Court.

## IV. Venue

10. Venue is proper in this Court in accordance with R.I.G.L §9-4-3.

## V. Material Facts

11. On or about December 1, 2001, after exiting the Cosmopolitan Club located in Pawtucket, Rhode Island, the Plaintiff was approached by Defendants Goncalves, Maciel, Cute, Dolan and/or McLaughlin and was informed by said Defendant(s) that he was under arrest for disorderly conduct.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

12. Without any provocation and/or resistance whatsoever by the Plaintiff, Defendants Goncalves, Maciel, Cute, Dolan and/or McLaughlin then threw the Plaintiff to the ground.

13. While the Plaintiff was on the ground, Defendants Goncalves, Maciel, Cute, Dolan and/or McLaughlin proceeded to push Plaintiff's face onto the cement and struck Plaintiff's body multiple times causing injuries to his head, face, neck, and upper body.

14. Following the assault, the Plaintiff was arrested, handcuffed, and transported to the Pawtucket Police Department ("Department").

15. The Plaintiff was subsequently charged with disorderly conduct and resisting arrest.

16. After being released from custody, the Plaintiff immediately sought medical treatment for injuries sustained due to the aforementioned assault.

17. On February 4, 2003, a jury trial was conducted in Providence County Superior Court on Plaintiff's charges of disorderly conduct and resisting arrest.

18. At the conclusion of the trial, the jury returned a verdict in favor of the Plaintiff and a judgment of acquittal was thereafter entered.

19. That Defendant City failed to properly select, train, instruct, supervise, and discipline officers in the City Police Department, including Defendants Goncalves, Maciel, Cute, Dolan and McLaughlin, relative to law of search and seizure resulting in the illegal and unlawful search, seizure, arrest and detention of the Plaintiff.

20. That on information and belief, during all relevant time periods, a custom or policy existed in the City Police Department wherein police officers' misconduct was encouraged, ignored, acquiesced to and/or condoned, and to which Defendant City were deliberately indifferent.

21. That Defendant City is liable under the doctrine of <u>respondeat superior</u> for the negligent acts and/or omissions of its agents, including Defendants Goncalves, Maciel, Cute, Dolan

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

and McLaughlin, police officers employed by the City Police Department, whose acts and/or omissions were within the scope of their employment and were the proximate cause of the serious injuries suffered by the Plaintiff. R.I.G.L. §9-31-1.

22. The Defendants knew or should have known that the seizure of the Plaintiff was without reasonable cause and was therefore unlawful under the circumstances. Despite such knowledge, the City, by and through its policy-making officials and agents, approved, ignored, acquiesced to, condoned, intentionally ignored, and/or were deliberately indifferent to the practice of routinely seizing, assaulting, and battering individuals without legal cause, and failed to change or eliminate such unlawful policy.

23. At all relevant times, the Defendants acted negligently, intentionally, willfully, maliciously, and/or with reckless or callous indifference to the Plaintiff's constitutionally protected rights. Furthermore, at all relevant times, the Defendants knew or should have known that their conduct would cause or contribute to the deprivation of Plaintiff's civil rights and cause the Plaintiff great harm.

24. As a proximate result of the Defendants' acts and/or omissions, including but not limited to these described herein, the Plaintiff has suffered, and will continue to suffer, severe physical pain and suffering, severe mental anguish, incur expenses for medical care and treatment, deprivation of his civil rights, and other great damage.

## VI. Claims for Relief

25. The Plaintiff incorporates in the Counts below the allegations contained in ¶¶1–24 above.

### Count One
### Negligence

26. That Defendants, by their individual and concerted acts and/or omissions, including,

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

but not limited to, those described herein, failed or refused to exercise reasonable care to avoid inflicting reasonably foreseeable harm to the Plaintiff, causing the Plaintiff to suffer damages as aforesaid.

**Count Two**
**Assault**

27. That Defendants Goncalves, Maciel, Cute, Dolan and McLaughlin, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did commit acts of a threatening nature towards the Plaintiff, causing the Plaintiff to reasonably fear imminent bodily harm, thereby committing an assault, causing the Plaintiff to suffer damages as aforesaid.

**Count Three**
**Battery**

28. That Defendants Goncalves, Maciel, Cute, Dolan and McLaughlin, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did intentionally cause offensive contact with and unconsented touching of the Plaintiff as well as trauma upon the body of the Plaintiff, thereby committing a battery, causing the Plaintiff to suffer damages as aforesaid.

**Count Four**
**False Arrest**

29. That Defendants Goncalves, Maciel, Cute, Dolan and McLaughlin, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did unlawfully and without cause detain and falsely arrest Plaintiff in violation of state law, causing the Plaintiff to suffer damages as aforesaid.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**Count Five**
**42 U.S.C. §1983**

30. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be illegally searched and seized in derogation of the Plaintiff's constitutional right to be free from unreasonable searches and seizures, causing Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Fourth and Fourteenth Amendments of the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

**Count Six**
**Article I, §6 of the Rhode Island Constitution**

31. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused the Plaintiff to be illegally searched and seized in derogation of the Plaintiff's constitutional right to be free from unreasonable searches and seizures, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Article I, §6 of the Rhode Island Constitution.

**VII. Prayers for Relief**

**WHEREFORE**, Plaintiff prays that this Court grant the following relief:

1. A declaratory judgment that the Defendants, in the manner described herein, violated the Fourth and Fourteenth Amendments to the United States Constitution and Article I, §6 of the Rhode Island Constitution by causing Plaintiff to be unlawfully seized.

2. An award of compensatory damages.

3. An award of punitive damages.

4. An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to 42 U.S.C. §1988.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

5. Such other and further relief as the Court deems just and proper.

## VII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable

## IX. Designation of Trial Counsel

Plaintiff hereby designates V. Edward Formisano, Esq., as trial counsel.

PLAINTIFF,
By his Attorneys,
SINAPI, FORMISANO & CO., LTD.

V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 (facsimile)

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island